Debtor    Stratatech Corporation
_____
Name

Case number *(if known)*    _____

---

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**District of Delaware**
(State)

Case number *(if known)*: _____    Chapter ___11___

☐ Check if this is an
amended filing

---

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| **1. Debtor's Name** | **Stratatech Corporation** | |
| **2. All other names debtor used in the last 8 years** <br><br> Include any assumed names, trade names, and *doing business as* names | **N/A** | |
| **3. Debtor's federal Employer Identification Number** (EIN) | 39-2025292 | |
| **4. Debtor's address** | **Principal place of business** <br><br> **510 Charmany Drive, Suite 150** <br> Number     Street <br><br> **Madison**    **Wisconsin**  **53719** <br> City     State   Zip Code <br><br> **Dane** <br> County | **Mailing address, if different from principal place of business** <br><br> Number     Street <br><br> City     State   Zip Code <br><br> **Location of principal assets, if different from principal place of business** <br><br> Number     Street <br><br> City     State   Zip Code |
| **5. Debtor's website** (URL) | www.mallinckrodt.com | |
| **6. Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br><br> ☐ Partnership (excluding LLP) <br><br> ☐ Other. Specify: _____ | |

Debtor    Stratatech Corporation                                    Case number (if known) _____
_____
         Name

---

**7.  Describe debtor's business**

**A.  Check One:**

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

**B.  Check all that apply:**

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

**C.**  NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**3254 (Pharmaceutical and Medicine Manufacturing)**

---

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

**Check One:**

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.  **Check all that apply:**

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☒ A plan is being filed with this petition.

☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the **Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11** (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☐ No
☒ Yes

District  **District of Delaware**    When  **10/12/2020**    Case number  **20-12566**
                                                MM/DD/YYYY

District  _____    When  _____    Case number  _____
                                                MM/DD/YYYY

---

**10.  Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes

Debtor  **See Attached Rider 1**    Relationship  **Affiliate**

District  **District of Delaware**    When:  **Contemporaneously**
                                                MM / DD / YYYY

Case number, if known  _____

---

Debtor    Stratatech Corporation
_____    Case number *(if known)* _____
Name

---

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes.  Answer below for each property that needs immediate attention.  Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

_____
Number        Street

_____
City                                State        Zip Code

**Is the property insured?**

☐ No

☐ Yes.  Insurance agency _____

Contact name _____

Phone _____

---

## Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors***

***Consolidated for all Debtors.**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☒ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

---

**15. Estimated assets***

***Consolidated for all Debtors.[1]**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

**16. Estimated liabilities***

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |

---

[1]  The estimated consolidated assets for all Debtors can be found on the most recent 10-Q filing for Mallinckrodt plc, which can be found at https://mallinckrodt.gcs-web.com/node/30136/html.

| Debtor | Stratatech Corporation | | Case number *(if known)* | |
|---|---|---|---|---|
| | Name | | | |

| *Consolidated for all Debtors.[2] | ☐ $100,001-$500,000 ☐ $500,001-$1 million | ☐ $50,000,001-$100 million ☐ $100,000,001-$500 million | ☐ $10,000,000,001-$50 billion ☐ More than $50 billion |
|---|---|---|---|

| | **Request for Relief, Declaration, and Signatures** |
|---|---|

**WARNING --** Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.
- I have been authorized to file this petition on behalf of the debtor.
- I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    __08/28/2023__
                         MM/ DD / YYYY

✗    __/s/ Bryan M. Reasons__                          Bryan M. Reasons
      Signature of authorized representative of debtor        Printed name

Title    __Authorized Signatory__

**18. Signature of attorney**

✗    __/s/ Michael J. Merchant__          Date    __08/28/2023__
      Signature of attorney for debtor                        MM/DD/YYYY

__Michael J. Merchant__

__Richards, Layton & Finger, P.A.__
Firm name

__920  North King Street__
Number                    Street

__Wilmington__                          __DE__          __19801__
City                                              State        ZIP Code

__(302) 651-7700__                        __merchant@rlf.com__
Contact phone                              Email address

__DE No. 3854__                          __Delaware__
Bar number                                State

---

[2] The estimated consolidated liabilities for all Debtors can be found on the most recent 10-Q filing for Mallinckrodt plc, which can be found at https://mallinckrodt.gcs-web.com/node/30136/html.

## __Rider 1__

**__Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor__**

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case, collectively, the "***Debtors***") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware.  Contemporaneously with the filing of their voluntary petitions, the Debtors are filing a motion with the Court requesting that their chapter 11 cases be consolidated for procedural purposes only and jointly administered.

| Entity Name | Federal Employee Identification Number (EIN) |
|---|---|
| Mallinckrodt plc | 98-1088325 |
| Acthar IP Unlimited Company | 98-1219747 |
| IMC Exploration Company | 74-1856768 |
| Infacare Pharmaceutical Corporation | 31-1807488 |
| INO Therapeutics LLC | 47-0931456 |
| Ludlow LLC | 04-2614539 |
| MAK LLC | 82-3297479 |
| Mallinckrodt APAP LLC | 47-2085115 |
| Mallinckrodt ARD Finance LLC | 82-3638933 |
| Mallinckrodt ARD Holdings Inc. | 47-2402827 |
| Mallinckrodt ARD Holdings Limited | 98-1190042 |
| Mallinckrodt ARD IP Unlimited Company | 98-1273238 |
| Mallinckrodt ARD LLC | 33-0476164 |
| Mallinckrodt Brand Pharmaceuticals LLC | 90-0136080 |
| Mallinckrodt Buckingham Unlimited Company | UK Tax ID 7891923224 |
| Mallinckrodt CB LLC | 83-1878651 |
| Mallinckrodt Critical Care Finance LLC | 47-5172425 |
| Mallinckrodt Enterprises Holdings, Inc. | 94-3160456 |
| Mallinckrodt Enterprises LLC | 36-4679061 |
| Mallinckrodt Enterprises UK Limited | 98-1190911 |
| Mallinckrodt Equinox Finance LLC | 32-0542730 |
| Mallinckrodt Hospital Products Inc. | 41-2142317 |
| Mallinckrodt Hospital Products IP Unlimited Company | 98-1273300 |
| Mallinckrodt International Finance S.A. | 98-1094609 |
| Mallinckrodt International Holdings S.à r.l. | 98-1272203 |
| Mallinckrodt IP Unlimited Company | 98-1190770 |
| Mallinckrodt LLC | 43-1479062 |
| Mallinckrodt Lux IP S.à r.l. | 98-1190722 |
| Mallinckrodt Manufacturing LLC | 47-5172075 |
| Mallinckrodt Pharma IP Trading Unlimited Company | 98-1272335 |

| Entity Name | Federal Employee Identification Number (EIN) |
|---|---|
| Mallinckrodt Pharmaceuticals Ireland Limited | 98-1217693 |
| Mallinckrodt Pharmaceuticals Limited | 98-1274182 |
| Mallinckrodt Quincy S.à r.l. | 98-1191395 |
| Mallinckrodt UK Finance LLP | 98-1274193 |
| Mallinckrodt UK Ltd | 98-1240542 |
| Mallinckrodt US Holdings LLC | 32-0408865 |
| Mallinckrodt US Pool LLC | 90-0937192 |
| Mallinckrodt Veterinary, Inc. | 36-3480465 |
| Mallinckrodt Windsor Ireland Finance Unlimited Company | Irish Tax ID 3347922OH |
| Mallinckrodt Windsor S.à r.l. | 98-1286736 |
| MCCH LLC | 32-0541022 |
| MEH, Inc. | 65-0952696 |
| MHP Finance LLC | 47-5176059 |
| MKG Medical UK Ltd | 98-1241288 |
| MNK 2011 LLC | 80-0739865 |
| MUSHI UK Holdings Limited | 98-1190248 |
| Ocera Therapeutics, Inc. | 63-1192270 |
| Petten Holdings Inc. | 83-3441641 |
| SpecGx Holdings LLC | 84-3594520 |
| SpecGx LLC | 81-4463153 |
| ST Operations LLC | 84-4597158 |
| ST Shared Services LLC | 84-3727053 |
| ST US Holdings LLC | 20-5950462 |
| ST US Pool LLC | 84-4591199 |
| Stratatech Corporation | 39-2025292 |
| Sucampo Holdings Inc. | 85-2745451 |
| Sucampo Pharma Americas LLC | 13-3929237 |
| Sucampo Pharmaceuticals LLC | 30-0520478 |
| Therakos, Inc. | 22-2575957 |
| Vtesse LLC | 47-1075596 |
| WebsterGx Holdco LLC | 85-0505835 |

**Prior Bankruptcy Case Filed by Affiliate of the Debtor That Remains Pending**

On October 12, 2020, the entity listed below filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware. The case is pending before the Honorable John T. Dorsey.

| Company | Case Number |
|---|---|
| Mallinckrodt plc | 20-12522 |

**IMC EXPLORATION COMPANY; INFACARE PHARMACEUTICAL CORPORATION; INO THERAPEUTICS LLC; LUDLOW LLC; MAK LLC; MALLINCKRODT ARD HOLDINGS INC.; MALLINCKRODT ARD LLC; MALLINCKRODT BRAND PHARMACEUTICALS LLC; MALLINCKRODT CB LLC; MALLINCKRODT CRITICAL CARE FINANCE LLC; MALLINCKRODT HOSPITAL PRODUCTS INC.; MALLINCKRODT MANUFACTURING LLC; MALLINCKRODT US HOLDINGS LLC; MALLINCKRODT US POOL LLC; MALLINCKRODT VETERINARY, INC.; MCCH LLC; MEH, INC.; MHP FINANCE LLC; MNK 2011 LLC; OCERA THERAPEUTICS, INC.; PETTEN HOLDINGS INC.; ST OPERATIONS LLC; ST SHARED SERVICES LLC; ST US HOLDINGS LLC; ST US POOL LLC; STRATATECH CORPORATION; SUCAMPO HOLDINGS INC.; SUCAMPO PHARMA AMERICAS LLC; SUCAMPO PHARMACEUTICALS LLC; THERAKOS, INC.; VTESSE LLC**

**Written Consent of the Board of Directors/Managers**

**August 27, 2023**

The undersigned, being the board of directors or managers, as applicable (the "*Board*"), of each of the entities listed on <u>Annex A</u> hereto (each a "*Company*," and together, the "*Companies*"), in accordance with each Company's bylaws, operating agreements and other governing documents, hereby consents to and adopts the following resolutions as the action of the Board by written consent in lieu of a meeting pursuant to applicable law and such Company's bylaws or operating agreement, as applicable, and hereby directs that this written consent be delivered to the Companies for inclusion in their minutes or filing with their corporate records.

*Approval of Bankruptcy Filing*

**WHEREAS**, the Board has reviewed and analyzed the materials presented by management and the outside financial and legal and other advisors of the Companies regarding the financial condition, capital structure, liquidity position, business model and projections, short-term and long-term prospects of the Companies, the restructuring and other strategic alternatives available to it, and the impact of the foregoing on each of the Companies' and each Company's ultimate parent Mallinckrodt plc ("*Parent*") and certain of Parent's subsidiaries (together with Parent and each Company, the "*Debtors*") businesses;

**WHEREAS**, the Board has consulted with the management and financial and legal advisors of the Companies and has considered fully each of the strategic alternatives available to the Companies; and

**WHEREAS**, the Board has determined that it is desirable and in the best interests of each of the Companies and the Debtors as a whole (and necessary to conduct the business of each Company and the Debtors as a whole), their creditors, and other stakeholders generally that each of the Companies file a petition for relief under the provisions of chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*").

**NOW, THEREFORE, BE IT RESOLVED**, that the Companies are hereby authorized to file or cause to be filed a voluntary petition for relief under the provisions of chapter 11 of the Bankruptcy Code (the "***Chapter 11 Cases***").

**BE IT FURTHER RESOLVED**, that Jason Goodson and each other officer, director, manager or member of each of the Companies (collectively, the "***Authorized Officers***") be, and each of them acting alone hereby is, authorized to execute and verify such petition of the applicable Company in the name of such Company under chapter 11 of the Bankruptcy Code and to cause the same to be filed with the United States Bankruptcy Court for the District of Delaware (the "***Bankruptcy Court***"), in such form and at such time as the Authorized Officer executing such petition shall determine.

**BE IT FURTHER RESOLVED**, that each of the Authorized Officers be, and each of them hereby is, authorized to execute and file, or cause to be filed (or direct others to do so on their behalf as provided herein) with the Bankruptcy Court, on behalf of the Companies, all petitions, affidavits, schedules, motions, lists, applications, pleadings, and other necessary papers or documents, including any amendments thereto, and, in connection therewith, to employ and retain all assistance by legal counsel, financial advisors, accountants, or other professionals and to take any and all actions that they deem necessary or proper to obtain such chapter 11 bankruptcy relief, and to take any necessary steps to coordinate and effectuate each of the Chapter 11 Cases.

**BE IT FURTHER RESOLVED**, that each of the Authorized Officers be, and each of them hereby is, authorized, directed, and empowered, with full power of delegation, on behalf of and in the name of the Companies, to execute, verify, and/or file, or cause to be filed and/or executed or verified (or direct others to do so on their behalf as provided herein), and to amend, supplement, or otherwise modify from time to time, all necessary or appropriate documents, including, without limitation, petitions, affidavits, schedules, motions, lists, applications, pleadings, and other documents, agreements, and papers, including any and all loan agreements, documents, notes, guaranties, security agreements, pledge agreements, and all other documents, agreements, or instruments as may be deemed necessary or appropriate by such Authorized Person, and to take any and all actions, including the grant of new liens and payment of adequate protection amounts, that such Authorized Officer deems necessary or appropriate, each in connection with the Chapter 11 Cases, any usage of cash collateral and other collateral under the Companies' secured credit facilities contemplated hereby or thereby.

*Receivables Facility*

**WHEREAS,** certain of the Companies and/or certain of the Company's affiliates are party to (a) that certain ABL Credit Agreement, dated as of June 16, 2022 as amended, restated, supplemented or otherwise modified from time to time, (the "***ABL Credit Agreement***"), by and among ST US AR Finance LLC ("***ST US AR Finance***"), as borrower, the lenders and letter of credit issuers from time to time party thereto, and Barclays Bank PLC, as administrative agent and collateral agent; and (b) that certain Purchase and Sale Agreement, dated as of June 16, 2022 (as amended, restated, supplemented or otherwise modified from time to time (the "***PSA***"), by and among INO Therapeutics LLC, Mallinckrodt APAP LLC, Mallinckrodt ARD LLC, SpecGx LLC and Therakos, Inc., as originators, MEH, Inc. ("***MEH***"), as servicer,  and ST US AR Finance, as buyer;

**WHEREAS**, collectively, the ABL Credit Agreement and the PSA govern the Companies' existing trade receivables facility (the "***Receivables Facility***");

**WHEREAS**, the parties to the ABL Credit Agreement and PSA have entered into or wish to enter into (a) the Amendment No. 1 to ABL Credit Agreement, dated August 23, 2023, by and among ST US AR Finance, the lenders and letter of credit issuers party thereto, and Barclays Bank PLC, as administrative agent (the "***ABL Administrative Agent***") and collateral agent, which amends the ABL Credit Agreement (the ABL Credit Agreement, as so amended, the "***Amended ABL Credit Agreement***"); (b) the Amendment No. 1 to the PSA, to be dated on or around August 28, 2023, by and among INO Therapeutics LLC, Mallinckrodt APAP LLC, Mallinckrodt ARD LLC, SpecGx LLC and Therakos, Inc., as originators, MEH, as servicer, and ST US AR Finance, as buyer, which amends the PSA (the PSA, as so amended, the "***Amended PSA***"); (c) the Performance Guaranty, to be dated on or around August 28, 2023, by MEH in favor of the ABL Administrative Agent (the "***MEH Performance Guaranty***"); and (d) the Originator Performance Guaranty, to be dated on or around August 28, 2023, by INO Therapeutics LLC, Mallinckrodt APAP LLC, Mallinckrodt ARD LLC, SpecGx LLC and Therakos, Inc., as originators, in favor of the ABL Administrative Agent (the "***Originator Performance Guaranty***" and, together with the Amended ABL Credit Agreement, the Amended PSA and the MEH Performance Guaranty, the "***Amended Receivables Facility Documents***"), to, among other things, provide for continuation of the existing Receivables Facility, notwithstanding the filing of the Chapter 11 Case; and

**WHEREAS**, the Companies will obtain benefits from maintaining access to the Receivables Facility during the Chapter 11 Cases and it is advisable and in the best interest of the Companies to enter into the applicable Amended Receivables Facility Documents and any documents related thereto, and to perform its obligations thereunder.

**NOW, THEREFORE, BE IT RESOLVED**, that the terms and provisions of the applicable Amended Receivables Facility Documents presently before the Board, and the transactions contemplated thereunder, and any guaranties, liabilities, obligations, or security interests granted in connection therewith, be and hereby are authorized, adopted and approved, subject to such changes, additions, and modifications thereto as an Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by an Authorized Officer's execution and delivery thereof.

**BE IT FURTHER RESOLVED**, that the Authorized Officers be, and they hereby are, authorized and directed, and each of them acting alone hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Companies, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, each of the transactions contemplated by the applicable Amended Receivables Facility Documents, and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which the Companies are or will be a party or any order entered into in connection with the Chapter 11 Cases, incur and pay or cause to be paid all related fees and expenses, with such changes, additions, and modifications thereto as an Authorized Officer executing the same shall approve.

**BE IT FURTHER RESOLVED**, that the Companies shall be, and they hereby are, authorized to enter into the applicable Amended Receivables Facility Documents, with such changes, additions, and modifications thereto as an Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by an Authorized Officer's execution and delivery thereof.

**BE IT FURTHER RESOLVED**, that all acts, actions, and transactions done, taken or completed in connection with the Amended Receivables Facility Documents, that are consistent with the foregoing resolutions done in the name of and on behalf of the Companies, which acts would have been approved by the foregoing resolutions except that such acts were taken before these resolutions were certified, are hereby adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the Companies.

### *Cash Collateral & Debtor-In-Possession Financing*

**WHEREAS**, each of the Companies will obtain benefits from (a) the procurement of postpetition financing and it is thus advisable and in the best interest of the Companies to enter into the DIP Financing Documents (as defined below) to which they are party and (b) the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "***Cash Collateral***"), which is security for the Companies' prepetition secured creditors (collectively, the "***Secured Creditors***") under the Companies' secured credit facilities.

**NOW, THEREFORE, BE IT RESOLVED**, that in connection with the Chapter 11 Cases, the Authorized Officers of each Company have determined that it is in the best interests of each Company to consummate the transactions under that certain multi-draw $250,000,000 super-priority senior secured debtor-in-possession term loan credit facility to be evidenced by that certain Senior Secured Debtor-In-Possession Credit Agreement, by and among, (i) Parent, (ii) Mallinckrodt International Finance S.A., a public limited liability company (société anonyme) incorporated under the laws of the Grand Duchy of Luxembourg, as Lux borrower (iii) Mallinckrodt CB LLC, a Delaware limited liability company, as co-borrower (the "***Co-Borrower***" and together with the entity set forth in clause (ii), collectively, the "***DIP Borrowers***"), (iv) the lenders from time to time party thereto, (v) Acquiom Agency Services LLC as co-administrative agent and collateral agent, and (vi) Seaport Loan Products LLC, as co-administrative agent (together with the exhibits and schedules annexed thereto, the "***DIP Credit Agreement***"), and otherwise satisfy certain conditions in connection therewith, on terms and conditions substantially similar to those set forth in the form of DIP Credit Agreement previously provided to the Authorized Officers of each Company (with such changes as may be approved pursuant to the delegation set forth herein) subject to approval by the Bankruptcy Court(the "***DIP Financing***" and the obligations in respect thereof, the "***DIP Obligations***").

**BE IT FURTHER RESOLVED**, that Authorized Officers be, and they hereby are, authorized and directed, and each of them acting alone hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Companies to approve the form, terms, and provisions of the DIP Credit Agreement, including the use of proceeds to provide liquidity for such Company throughout the Chapter 11 Cases and such other uses as described in the DIP Credit Agreement and any and all guarantees, security agreements, pledge agreements, reaffirmations, promissory notes, fee letters (including relating to the backstop and fronting fees to be paid in connection with the DIP Financing), escrow agreements, letters, notices, certificates, documents, and instruments authorized, executed, delivered, reaffirmed, verified, and filed, registered, or recorded in connection with the DIP Financing (collectively, the "***DIP Financing Documents***") or that may be necessary, appropriate, desirable, or advisable in connection with the DIP Credit Agreement and the transactions contemplated thereby or otherwise contemplated by the DIP Credit Agreement or by any such other DIP Financing Document.

**BE IT FURTHER RESOLVED**, that any Authorized Officer of each Company, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of such Company, to cause such Company to enter into, execute, deliver, certify, file, and record, and perform the obligations arising under, the DIP Credit Agreement and any other DIP Financing Document, together with such other documents, agreements, instruments, and certificates as may be required by the DIP Credit Agreement and any other DIP Financing Document, in accordance with the terms thereof.

**BE IT FURTHER RESOLVED**, that the borrowings by the Co-Borrower in respect of the DIP Financing are hereby approved.

**BE IT FURTHER RESOLVED**, that the giving of guaranties by the Company in respect of the DIP Obligations and the granting of liens and security interests on any and all assets of the Company to secure the DIP Obligations is hereby approved.

**BE IT FURTHER RESOLVED**, that any Authorized Officer of each Company, in each case, acting singly, or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of such Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, joinders and extensions of the DIP Credit Agreement and any other DIP Financing Document and any related documents or instruments which shall, in such Authorized Officer's sole judgment, be necessary, proper, or advisable.

**BE IT FURTHER RESOLVED**, that the Authorized Officers be, and they hereby are, authorized and directed, and each of them acting alone hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Companies, as debtors and debtors in possession, to seek authorization to incur the DIP Obligations and to seek approval of the use of Cash Collateral pursuant to a postpetition financing order in interim and final form, and any Authorized Officer be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of the Company, necessary to implement the postpetition financing, including providing for adequate protection to the Secured Creditors in accordance with section 363 of the Bankruptcy Code, as well as any additional or further agreements for entry into the DIP Credit Agreement and the use of Cash Collateral in connection with the Chapter 11 Cases, which agreements may require the Company to grant adequate protection and liens to the Company's Secured Creditors and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of the Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Officer approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof.

### *Retention of Professionals*

**BE IT FURTHER RESOLVED**, that each of the Authorized Officers be, and each of them hereby is, authorized and directed, on behalf of and in the name of the Companies, to employ the law firm of Latham & Watkins LLP to represent and advise the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations, including filing any pleadings, in connection with the Chapter 11 Cases, and each of the

Authorized Officers is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the Chapter 11 Cases, and cause to be filed an appropriate application with the Bankruptcy Court for authority to retain the services of Latham & Watkins LLP.

**BE IT FURTHER RESOLVED**, that each of the Authorized Officers be, and each of them hereby is, authorized and directed, on behalf of and in the name of the Companies, to employ the law firm of Richards, Layton & Finger, PA to represent and advise the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations in connection with the Chapter 11 Cases, and each of the Authorized Officers is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the Chapter 11 Cases, and cause to be filed an appropriate application with the Bankruptcy Court for authority to retain the services of Richards, Layton & Finger, PA.

**BE IT FURTHER RESOLVED**, that each of the Authorized Officers be, and each of them hereby is, authorized and directed, on behalf of and in the name of the Companies, to employ the law firm of Wachtell, Lipton, Rosen & Katz to represent and advise the Companies on corporate, finance and tax matters, and to continue assisting the Companies with respect to particular litigation matters on which it has represented certain Companies, and to take any and all actions to advance the Companies' rights and obligations in connection with corporate, finance and tax matters and such litigation matters, and each of the Authorized Officers is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the Chapter 11 Cases, and cause to be filed an appropriate application with the Bankruptcy Court for authority to retain the services of Wachtell, Lipton, Rosen & Katz.

**BE IT FURTHER RESOLVED**, that each of the Authorized Officers be, and each of them hereby is, authorized and directed, on behalf of and in the name of the Companies, to employ the law firm of Arthur Cox to represent and advise the Companies in carrying out their duties during the examinership proceedings to be commenced by the directors of the Parent or any other Company under the laws of Ireland (the "***Irish Examinership Proceedings***"), and to take any and all actions to advance the Companies' rights and obligations, including filing any pleadings, in connection with the Irish Examinership Proceedings, and each of the Authorized Officers is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the Irish Examinership Proceedings, and cause to be filed an appropriate application with the Bankruptcy Court for authority to retain the services of Arthur Cox.

**BE IT FURTHER RESOLVED**, that each of the Authorized Officers be, and each of them hereby is, authorized and directed, on behalf of and in the name of the Companies, to employ the firm of Guggenheim Securities, LLC, as investment banker and financial advisor, to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations in connection with the Chapter 11 Cases, and each of the Authorized Officers is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the Chapter 11 Cases, and cause to be filed an appropriate application with the Bankruptcy Court for authority to retain the services of Guggenheim Securities, LLC.

**BE IT FURTHER RESOLVED**, that each of the Authorized Officers be, and each of them hereby is, authorized and directed, on behalf of and in the name of the Companies, to employ the firm

of AlixPartners, LLP, as restructuring advisor, to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations in connection with the Chapter 11 Cases, and each of the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the Chapter 11 Cases, and cause to be filed an appropriate application with the Bankruptcy Court for authority to retain the services of AlixPartners, LLP.

**BE IT FURTHER RESOLVED**, that each of the Authorized Officers be, and each of them hereby is, authorized and directed, on behalf of and in the name of the Companies, to employ the firm of Kroll Restructuring Administration LLC, as claims, noticing, soliciting, and balloting agent, to assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations in connection with the Chapter 11 Cases, and each of the Authorized Officers is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the Chapter 11 Cases, and cause to be filed an appropriate application with the Bankruptcy Court for authority to retain the services of Kroll Restructuring Administration LLC.

**BE IT FURTHER RESOLVED**, that each of the Authorized Officers be, and each of them hereby is, authorized and directed, on behalf of and in the name of the Companies, to employ any other professionals necessary to assist the Companies in carrying out their duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Officers is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the Chapter 11 Cases and cause to be filed appropriate applications with the Bankruptcy Court for authority to retain the services of any other professionals, as necessary.

**BE IT FURTHER RESOLVED**, that all acts, actions, and transactions done, taken or completed in connection with the retention of professionals, that are consistent with the foregoing resolutions done in the name of and on behalf of the Companies, which acts would have been approved by the foregoing resolutions except that such acts were taken before these resolutions were certified, are hereby adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the Companies.

### General Implementation Authority

**BE IT FURTHER RESOLVED**, that all acts lawfully done or actions lawfully taken by any Authorized Officer of a Company to seek relief on behalf of such Company under chapter 11 of the Bankruptcy Code or in connection with the Chapter 11 Cases in connection with such proceedings, or any matter related thereof, be, and hereby are, adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the applicable Company.

**BE IT FURTHER RESOLVED**, that each of the Authorized Officers be, and each of them hereby is, authorized, empowered, and directed, in the name and on behalf of the Companies, to cause the Companies and each of their direct and indirect subsidiaries (collectively, the "*Mallinckrodt Parties*") to take any action, as in the judgment of such Authorized Officer shall be or become necessary, proper, and desirable to put into effect the purposes of the foregoing resolutions and the transactions contemplated by these resolutions.

**BE IT FURTHER RESOLVED**, that each of the Authorized Officers be, and each of them hereby is, authorized, empowered, and directed, in the name and on behalf of the Companies, to cause the Companies to enter into, execute, deliver, certify, file, and/or record and perform such agreements, instruments, motions, affidavits, applications for approvals or ruling of governmental or regulatory authorities, certificates, or other documents, to incur all such fees and expenses and to take such other action, as in the judgment of such Authorized Officer shall be or become necessary, proper and desirable to prosecute to a successful completion of the Chapter 11 Cases, and to carry out and put into effect the purposes of the foregoing resolutions and the transactions contemplated by these resolutions.

**BE IT FURTHER RESOLVED**, that each of the Authorized Officers be, and each of them hereby is, authorized and empowered, with full power of delegation, for and in the name and on behalf of the Companies to amend, supplement or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements, or other writings referred to in the foregoing resolutions.

**BE IT FURTHER RESOLVED**, that each of the Authorized Officers be, and each of them hereby is, authorized and empowered, with full power of delegation, for and in the name and on behalf of the Mallinckrodt Parties, to execute and authorize and take such other actions that are deemed necessary and advisable, with respect to any documents, certificates, instruments, agreements, or other writings referred to in the foregoing resolutions.

**BE IT FURTHER RESOLVED**, that all acts, actions, and transactions that are consistent with the foregoing resolutions done in the name of and on behalf of the Companies, which acts would have been approved by the foregoing resolutions except that such acts were taken before these resolutions were certified, are hereby adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the Companies.

**BE IT FURTHER RESOLVED**, that any facsimile or other electronic signature of a member of the Board to these resolutions shall be fully effective as an original signature hereto.

*[Signature Page Follows]*

**IN WITNESS WHEREOF**, the undersigned, being the members of the Board of each of the Companies, have executed this written consent as of the date first written above.

DocuSigned by:

*Jason Goodson*

EAC719F9863A49B...

Jason Goodson

DocuSigned by:

*Matthew T Peters*

B731C3BECD024B9...

Matthew T. Peters

DocuSigned by:

*Bryan Reasons*

8DED65E18E4A442...

Bryan M. Reasons

DocuSigned by:

*Daniel Speciale*

19C4999874294AF...

Daniel J. Speciale

**Annex A**

Companies

IMC Exploration Company, a Maryland corporation

Infacare Pharmaceutical Corporation, a Delaware corporation

INO Therapeutics LLC, a Delaware limited liability company

Ludlow LLC, a Massachusetts limited liability company

MAK LLC, a Delaware limited liability company

Mallinckrodt ARD Holdings Inc., a Delaware corporation

Mallinckrodt ARD LLC, a California limited liability company

Mallinckrodt Brand Pharmaceuticals LLC, a Delaware limited liability company

Mallinckrodt CB LLC, a Delaware limited liability company

Mallinckrodt Critical Care Finance LLC, a Delaware limited liability company

Mallinckrodt Hospital Products Inc., a Delaware corporation

Mallinckrodt Manufacturing LLC, a Delaware limited liability company

Mallinckrodt US Holdings LLC, a Delaware limited liability company

Mallinckrodt US Pool LLC, a Nevada limited liability company

Mallinckrodt Veterinary, Inc., a Delaware corporation

MCCH LLC, a Delaware limited liability company

MEH, Inc., a Nevada corporation

MHP Finance LLC, a Delaware limited liability company

MNK 2011 LLC, a Delaware limited liability company

Ocera Therapeutics, Inc., a Delaware corporation

Petten Holdings Inc., a Delaware corporation

ST Operations LLC, a Delaware limited liability company

ST Shared Services LLC, a Delaware limited liability company

ST US Holdings LLC, a Nevada limited liability company

ST US Pool LLC, a Delaware limited liability company

Stratatech Corporation, a Delaware corporation

Sucampo Holdings Inc., a Delaware corporation

Sucampo Pharma Americas LLC, a Delaware limited liability company

Sucampo Pharmaceuticals LLC, a Delaware limited liability company

Therakos, Inc., a Florida corporation

Vtesse LLC, a Delaware limited liability company

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| STRATATECH CORPORATION, | ) Case No. 23-_____ (___) |
| | ) |
| Debtor. | ) Tax ID: 39-2025292 |
| | ) |
| | ) |

## CORPORATE OWNERSHIP STATEMENT

      The following is the list of entities that directly or indirectly own 10% or more of any class of the above-captioned debtor's equity interests. This list has been prepared in accordance with Fed. R. Bankr. P. 1007(a)(1) and Fed. R. Bankr. P. 7007.1 for filing in this chapter 11 case.

| Shareholder | Approximate Percentage of Units Held |
|---|---|
| Mallinckrodt Hospital Products Inc. | 100% |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| STRATATECH CORPORATION, | ) Case No. 23-_____ (___) |
|  | ) |
| Debtor. | ) Tax ID: 39-2025292 |
|  | ) |

## LIST OF EQUITY SECURITY HOLDERS

    The following is a list of the above-captioned debtor's equity security holders. This list has been prepared in accordance with Fed. R. Bankr. P. 1007(a)(3) for filing in this chapter 11 case.

| Equity Holder | Address | Ownership |
|---|---|---|
| Mallinckrodt Hospital Products Inc. | 675 McDonnell Blvd., Hazelwood, MO 63042 | 100% |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MALLINCKRODT PLC, *et al.*, | ) Case No. 23- _____ (__) |
| | ) |
| Debtors.[1] | ) (Joint Administration Requested) |
| | ) |
| | ) |

**CONSOLIDATED LIST OF CREDITORS**
**HOLDING 50 LARGEST UNSECURED CLAIMS**

The above-captioned debtors and debtors in possession (collectively, the "***Debtors***") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C §§ 101-1532 (the "***Bankruptcy Code***"). Pursuant to Federal Rule of Bankruptcy Procedure 1007(d), the following is a consolidated list of the Debtors' creditors holding the fifty (50) largest unsecured claims (the "***Creditor List***") based on the Debtors' unaudited books and records as of August 21, 2023.

The Creditor List does not include (i) persons that come within the definition of "insider" set forth in 11 U.S.C. § 101(31) or (ii) secured creditors, unless the value of such creditors' collateral is such that the unsecured deficiency places the creditor among the holders of the 50 largest unsecured claims.

The information contained herein shall not constitute an admission of liability by, nor is it binding on, the Debtors. Moreover, nothing herein shall affect the Debtors' rights to challenge the amount or characterization of any claim at a later date. The failure to list a claim as contingent, unliquidated, or disputed does not constitute a waiver of the Debtors' rights to contest the validity, priority, and/or amount of any such claim at a later date.

---

[1]    A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/mallinckrodt2023.  The Debtors' mailing address is 675 McDonnell Blvd., Hazelwood, Missouri 63042.

Fill in this information to identify the case:

Debtor name: Mallinckrodt plc, et al.

United States Bankruptcy Court for the: District of Delaware

Case number (If known): _____

☐ Check if this is an amended filing

Official Form 204

# Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders    12/15

A list of creditors holding the 50 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 50 largest unsecured claims.

| | Name of creditor | Complete mailing address, and employee, agents, or department familiar with claim | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | CENTERS FOR MEDICARE & MEDICAID SERVICES (CMS)  ATTORNEY OF RECORD: U.S. DEPARTMENT OF JUSTICE CIVIL DIVISION, FEDERAL PROGRAMS BRANCH | 7500 SECURITY BOULEVARD BALTIMORE, MD 21244  1100 L STREET, NW WASHINGTON, DC 20005 | KEVIN MATTHEW SNELL PH: (202) 305-0924 KEVIN.SNELL@USDOJ.GOV | CMS/DOJ/STATE SETTLEMENT AGREEMENT | CONTINGENT | | | $230,000,000.00 |
| 2 | COTTER CORPORATION | C/O JENNER & BLOCK LLP 353 N. CLARK ST CHICAGO, IL 60654 | CATHERINE STEEGE PH: (312) 222-9350 CSTEEGE@JENNER.COM | ENVIRONMENTAL CLAIM | CONTINGENT UNLIQUIDATED DISPUTED | | | UNLIQUIDATED |
| 3 | MALLINCKRODT GENERAL UNSECURED CLAIMS TRUST | HEATHER BARLOW, SOLELY IN HER CAPACITY AS GENERAL UNSECURED CLAIMS TRUSTEE C/O ROBINSON & COLE LLP 1201 N. MARKET ST, SUITE 1406 WILMINGTON, DE 19801 | JAMIE EDMONSON PH: (302) 516-1700 JEDMONSON@RC.COM | CONTRACT CLAIM | CONTINGENT | | | $20,000,000.00(1) |
| 4 | CALIFORNIA DEPARTMENT OF HEALTH SERVICES | DHCS / PHARMACY BENEFIT DIVISION 1501 CAPITOL AVENUE, MS 4604 SACRAMENTO, CA 95814 | LINH LE PH: 916-345-8563 LINH.LE@DHCS.CA.GOV | MEDICAID REBATE ACCRUALS | | | | $14,454,817.00 |
| 5 | AMERISOURCEBERGEN CORPORATION | PO BOX 247 THOROFARE, NJ 08086 | JENN DOYLE PH: (856) 384-2120 | THIRD-PARTY REBATE ACCRUALS | | | | $7,753,088.00 |
| 6 | WALGREENS BOOTS ALLIANCE | 108 WILMOT ROAD DEERFIELD, IL 60015 | RENE GIMENEZ PH: N/A GENERICS.RECONCILIATION@WBADEV.COM | THIRD-PARTY REBATE ACCRUALS | | | | $7,084,886.00 |
| 7 | CVS CAREMARK | 1950 NORTH STEMMONS FREEWAY, SUITE 5010 DALLAS, TX 75207 | NEAL ALLEN BAKER PH: (480) 361-4600 | THIRD-PARTY REBATE ACCRUALS | | | | $6,963,363.00 |
| 8 | FLORIDA AGENCY FOR HEALTH CARE ADMINISTRATION | 2727 MAHAN DRIVE TALLAHASSEE, FL 32308 | ANA ARISTIZABAL PH: 850-412-4080 ANA.ARISTIZABAL@AHCA.MYFLORIDA.COM | MEDICAID REBATE ACCRUALS | | | | $6,872,362.00 |
| 9 | ZINC HEALTH SERVICES | 1950 NORTH STEMMONS FREEWAY, SUITE 5010 DALLAS, TX 75207 | NEAL ALLEN BAKER PH: (480) 361-4600 | THIRD-PARTY REBATE ACCRUALS | | | | $5,923,914.00 |
| 10 | ASCENT HEALTH SERVICES | SCHAFFHAUSEN LIPO PARK, INDUSTRIESTRASSE 2 SCHAFFHAUSEN 08207 SWITZERLAND | JOHN ROBERT PH: N/A JOHN.ROBERT@EXPRESS-SCRIPTS.COM | THIRD-PARTY REBATE ACCRUALS | | | | $5,814,629.00 |
| 11 | NEW YORK STATE DEPARTMENT OF HEALTH | 15 CORNELL ROAD, SUITE 2201 LATHAM, NY 12110 | COURTNEY SUTTLES PH: 518-220-3811 SUTTLESC@MAGELLANHEALTH.COM | MEDICAID REBATE ACCRUALS | | | | $4,588,662.00 |
| 12 | CARDINAL HEALTH | PO BOX 641231 PITTSBURGH, PA 15264 | GRACE HIPOL PH: N/A GRACE.HIPOL@CARDINALHEALTH.COM | THIRD-PARTY REBATE ACCRUALS | | | | $3,821,833.00 |
| 13 | BONDALTI CHEMICALS S.A. | RUA DO AMONIACO PORTUGUES #10 QUINNTA DA INDUSTRIA ESTARREJA 3860-680 PORTUGAL | NUNO PACHECO PH: (351) 481-0300 NUNO.PACHECO@CUF-QI.PT | TRADE VENDOR | | | | $3,768,119.99 |
| 14 | MICHIGAN DHHS | 400 S. PINE ST LANSING, MI 48933 | MICHAEL MELVIN PH: 517-242-8784 MELVINM3@MICHIGAN.GOV | MEDICAID REBATE ACCRUALS | | | | $3,582,002.00 |
| 15 | KENTUCKY STATE TREASURER | 11013 WEST BROAD STREET, SUITE 500 GLEN ALLEN, VA 23060 | TAMMY A. SLINKER PH: 804-921-9090 TASLINKER@MAGELLANHEALTH.COM | MEDICAID REBATE ACCRUALS | | | | $3,323,079.00 |
| 16 | STATE OF TENNESSEE - TENNCARE | 310 GREAT CIRCLE ROAD NASHVILLE, TN 37228 | TONI CHAVIS PH: 615-507-6363 TONI.CHAVIS@TN.GOV | MEDICAID REBATE ACCRUALS | | | | $2,841,328.00 |
| 17 | MCKESSON CORPORATION | 6555 N. STATE HIGHWAY 161 IRVING, TX 75039 | JAYME SMITH PH: (972) 969-9435 | THIRD-PARTY REBATE ACCRUALS | | | | $2,790,140.00 |
| 18 | NC DIVISION OF HEALTH BENEFITS | 11013 WEST BROAD STREET, SUITE 500 GLEN ALLEN, VA 23060 | CHENISE STEPHENS PH: 804-548-0336 CRSTEPHENS@MAGELLANHEALTH.COM | MEDICAID REBATE ACCRUALS | | | | $2,774,755.00 |
| 19 | UNITED BIOSOURCE LLC (UBC) | PO BOX 75828 BALTIMORE, MD 21275 | JOHN KILEY PH: (816) 421-6400 JOHN.KILEY@UBC.COM | TRADE VENDOR | | | | $2,664,073.56 |
| 20 | PATHEON | 5900 MARTIN LUTHER KING JR HWY GREENVILLE, NC 27834 | JUSTIN VALDEZ PH: (252) 214-5760 JUSTIN.VALDEZ@THERMOFISHER.COM | TRADE VENDOR | | | | $2,232,478.92 |

| | Name of creditor | Complete mailing address, and employee, agents, or department familiar with claim | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|---|---|
| | | | | | | Amount of unsecured claim | | |
| | | | | | | if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| 21 | SUN PHARMACEUTICAL INDUSTRIES | 1061 MOUNTAIN HIGHWAY ABN 47 100 162 481 BORONIA VICTORIA 3155 AUSTRALIA | VENKATESHAN RANGACHARI PH: +44 (0) 7932177283 VENKATESHAN.RANGACHARI@SUNPHARMA.COM | TRADE VENDOR | | | | $2,044,216.47 |
| 22 | TANNER INDUSTRIES INC | PO BOX 536300 PITTSBURGH, PA 15253 | THOMAS HEARN PH: (800) 643-6226 THEARN@TANNERIND.COM | TRADE VENDOR | | | | $2,022,741.54 |
| 23 | ARKANSAS DMS PHARMACY PROGRAM | 11013 WEST BROAD STREET, SUITE 500 GLEN ALLEN, VA 23060 | DAVID PINKSTON PH: 804-548-0382 DWPINKSTON@MAGELLANHEALTH.COM | MEDICAID REBATE ACCRUALS | | | | $1,971,132.00 |
| 24 | TEXAS HEALTH & HUMAN SERVICES COMMISSION | PO BOX 8520, MAIL CODE 2250 4900 N. LAMAR AUSTIN, TX 78708 | LINDA BRUMBLE PH: 512-428-1996 LINDA.BRUMBLE@HHSC.STATE.TX.US | MEDICAID REBATE ACCRUALS | | | | $1,938,985.00 |
| 25 | HUMANA INC | 500 WEST MAIN ST LOUISVILLE, KY 40202 | LEE GROVES PH: 502-580-9792 LGROVES@HUMANA.COM | THIRD-PARTY REBATE ACCRUALS | | | | $1,541,977.00 |
| 26 | LOUISIANA DEPARTMENT OF HEALTH & HOSPITALS | 15 CORNELL ROAD, SUITE 2201 LATHAM, NY 12110 | DAVID HASSOUN PH: 518-220-3879 HASSOUND@MAGELLANHEALTH.COM | MEDICAID REBATE ACCRUALS | | | | $1,468,058.00 |
| 27 | WOLSELEY INDUSTRIAL GROUP | PO BOX 644054 PITTSBURGH, PA 15264 | ANGELA CHAPA PH: (317) 408-9160 ANGELA.CHAPA@FERGUSON.COM | TRADE VENDOR | SUBJECT TO SETOFF | | | $1,444,165.80 |
| 28 | IDAHO HEALTH AND WELFARE | 4300 COX ROAD GLEN ALLEN, VA 23060 | WENDY MOODY PH: 804-935-4975 WLMOODY@MAGELLANHEALTH.COM | MEDICAID REBATE ACCRUALS | | | | $1,371,387.00 |
| 29 | OKLAHOMA HEALTH CARE AUTHORITY | 4345 N. LINCOLN BLVD OKLAHOMA CITY, OK 73105 | BRYON PERDUE PH: 405-522-7031 BRYON.PERDUE@OKHCA.ORG | MEDICAID REBATE ACCRUALS | | | | $1,370,461.00 |
| 30 | GREIF BROS | PO BOX 88879 CHICAGO, IL 60695 | DARRELL TRACHSEL PH: (636) 233-2290 DARRELL.TRACHSEL@GREIF.COM | TRADE VENDOR | | | | $1,359,582.39 |
| 31 | PUERTO RICO MEDICAID PROGRAM | CALLE ALDA 1549 SECTOR EL CINCO SAN JUAN, PR 00919 | CARMEN RODRIGUEZ PH: 787-474-3300 CLETICIA@ASESPR.ORG | MEDICAID REBATE ACCRUALS | | | | $1,347,064.00 |
| 32 | CLARUSONE SOURCING SERVICES LLP | 10-12 RUSSELL SQUARE LONDON WC1B 5EH UNITED KINGDOM | GILLIAN MURPHY AR@CLARUSONESOURCING.COM | THIRD-PARTY REBATE ACCRUALS | | | | $1,322,916.00 |
| 33 | INDIANA FAMILY & SOCIAL SERVICE ADMIN. | 150 WEST MARKET STREET SUITE 300 INDIANAPOLIS, IN 46204 | MARTHA BLAIR PH: 317-504-8560 MARTHA.BLAIR@FSSA.IN.GOV | MEDICAID REBATE ACCRUALS | | | | $1,317,985.00 |
| 34 | OHIO DEPARTMENT OF MEDICAID | 45 COMMERCE DRIVE SUITE 5 AUGUSTA, ME 04332 | SHARI MARTIN PH: 207-622-7153 SMARTIN@CHANGEHEALTHCARE.COM | MEDICAID REBATE ACCRUALS | | | | $1,303,800.00 |
| 35 | OPTUMRX | 2300 MAIN STREET IRVINE, CA 92614 | ERIC GOLDSTEIN PH: (860) 251-5059 EGOLDSTEIN@GOODWIN.COM | THIRD-PARTY REBATE ACCRUALS | | | | $1,235,624.00 |
| 36 | ALABAMA MEDICAID AGENCY | 301 TECHNACENTER DR MONTGOMERY, AL 36117 | HEATHER VEGA PH: 334-353-4592 HEATHER.VEGA@MEDICAID.ALABAMA.GOV | MEDICAID REBATE ACCRUALS | | | | $1,232,638.00 |
| 37 | MIKART | 1750 CHATTAHOOCHEE AVE ATLANTA, GA 30318 | LOUIS WEBER PH: (404) 425-7409 LWEBER@MIKART.COM | TRADE VENDOR | | | | $1,221,448.80 |
| 38 | MISSISSIPPI DIVISION OF MEDICAID | 385B HIGHLAND COLONY PARKWAY SUITE 300 RIDGELAND, MS 39157 | KATHERINE THOMAS PH: 601-206-2900 KATHERINE.THOMAS@CONDUENT.COM | MEDICAID REBATE ACCRUALS | | | | $1,203,508.00 |
| 39 | PIRAMAL CRITICAL CARE | 3950 SCHELDEN CIRCLE BETHLEHEM, PA 18017 | SEURGAI KADAN PH: (610) 974-9760 | TRADE VENDOR | | | | $1,189,870.77 |
| 40 | GEORGIA DEPT OF COMMUNITY HEALTH | 11013 WEST BROAD STREET, SUITE 500 GLEN ALLEN, VA 23060 | JENNIFER MCCRAY PH: 518-220-3829 MCCRAYJ@MAGELLANHEALTH.COM | MEDICAID REBATE ACCRUALS | | | | $1,170,077.00 |
| 41 | EXPRESS SCRIPTS | 6625 WEST 78TH ST BLOOMINGTON, MN 55439 | DREW PATTERSON PH: 314-684-7683 DMPATTERSON@EXPRESS-SCRIPTS.COM | THIRD-PARTY REBATE ACCRUALS | | | | $1,110,880.00 |
| 42 | EXTRACTAS BIOSCIENCE | AUSTRALIA NEW ZEALAND BANKING GRP LTC ACCT 340638 MELBOURNE, VICTORIA 2013 AUSTRALIA | ROSS MURDOCH PH: (61) 3-6393-5202 ROSS.MURDOCH@EXTRACTAS.COM.AU | TRADE VENDOR | | | | $1,096,758.25 |
| 43 | SYNEOS HEALTH CONSULTING | PO BOX 80368 RALEIGH, NC 27623 | JOHN OLEFSON PH: (984) 459-4747 CONSULTING.AR@INVENTIVHEALTH.COM | TRADE VENDOR | | | | $1,023,304.09 |
| 44 | SOURCE HEALTHCARE ANALYTICS | PO BOX 207578 DALLAS, TX 75320 | NATALIA GARCIA PH: (866) 467-4648 NATALIA.GARCIA2@ICONPLC.COM | TRADE VENDOR | | | | $1,019,072.72 |
| 45 | PITTSBURG TANK AND TOWER CO | PO BOX 517 HENDERSON, KY 42419 | MICHAEL ROBITZSCH PH: (251) 442-0111 MCR@PTTG.COM | TRADE VENDOR | | | | $984,668.75 |
| 46 | W.R. GRACE AND CO. | 16335 COLLECTIONS CENTER DR CHICAGO, IL 60693 | BRIAN GRAVES PH: (650) 438 8870 BRIAN.GRAVES@GRACE.COM | TRADE VENDOR | | | | $919,212.00 |
| 47 | SENDERRA RX PARTNERS | 9330 LYNDON B JOHNSON FWY DALLAS, TX 75243 | BOB WILBURN PH: (214) 446-9405 BOB.WILBURN@SENDERRARX.COM | TRADE VENDOR | | | | $895,593.00 |

| | Name of creditor | Complete mailing address, and employee, agents, or department familiar with claim | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 48 | PA DEPT. OF HUMAN SERVICES | PO BOX 780634 PHILADELPHIA, PA 19178 | BRITTANY STARR PH: (717) 346-8164 C-BSTARR@PA.GOV | MEDICAID REBATE ACCRUALS | | | | $853,481.00 |
| 49 | CAPGEMINI AMERICA | 012663 COLLECTION CENTER DR CHICAGO, IL 60693 | MICHELE PESANELLO PH: (201) 238-1139 MICHELE.PESANELLO@CAPGEMINI.COM | TRADE VENDOR | | | | $796,167.95 |
| 50 | ARIZONA - AHCCCS | 11013 WEST BROAD STREET, SUITE 500 GLEN ALLEN, VA 23060 | JENNIFER MCCRAY PH: 518-220-3829 MCCRAYJ@MAGELLANHEALTH.COM | MEDICAID REBATE ACCRUALS | | | | $794,662.00 |

(1) Amount listed reflects the face amount of the relevant contingent payment obligation under the Debtors' 2022 chapter 11 plan and is without prejudice to any party's rights as to the allowable amount of such claim, if any.

Fill in this information to identify the case and this filing:

Debtor Name **Stratatech Corporation**

United States Bankruptcy Court for the:    **District of Delaware**

(State)

Case number (If known):

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors    **12/15**

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ Schedule A/B: Assets-Real and Personal Property *(Official Form 206A/B)*

☐ Schedule D: Creditors Who Have Claims Secured by Property *(Official Form 206D)*

☐ Schedule E/F: Creditors Who Have Unsecured Claims *(Official Form 206E/F)*

☐ Schedule G: Executory Contracts and Unexpired Leases *(Official Form 206G)*

☐ Schedule H: Codebtors *(Official Form 206H)*

☐ Summary of Assets and Liabilities for Non-Individuals *(Official Form 206Sum)*

☐ Amended Schedule _____

☒ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☒ Other document that requires a declaration  **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **08/28/2023**         X **/s/ Bryan M. Reasons**
                                        Signature of individual signing on behalf of debtor

                                        **Bryan M. Reasons**
                                        Printed name

                                        **Authorized Signatory**
                                        Position or relationship to debtor